**BI WEN LIU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4468.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

**570**

Peter Lobel, New York, N.Y., for Petitioner.

Chinhayi J. Coleman, Assistant, United States Attorney for Kevin V. Ryan, United States Attorney for the Northern, District of California, San Francisco, CA, (JoAnn M. Swanson, on the brief), for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

Bi Wen Liu petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of an immigration judge ("IJ") denying his application for asylum and withholding of removal, finding him ineligible for Convention Against Torture ("CAT") relief, and ordering him removed to China. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

The IJ gave several reasons for denying petitioner's asylum application. First, the IJ found petitioner incredible. On appeal, however, respondent assumed *arguendo* that petitioner was credible and has made no arguments to the contrary in its brief to us. Instead, respondent merely rehearsed the IJ's findings of fact. Under the circumstances, we conclude that respondent has abandoned the argument that petitioner was not credible since we "consider abandoned any claims not adequately presented in [a party's] brief." *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir.1997).[1]

Apart from the now-abandoned adverse credibility finding, the IJ also denied petitioner's asylum claims on the ground that petitioner had not established that he or his wife had suffered past persecution. He ruled, without explanation or argument, that "the events that [petitioner] testified to even if taken as true would not rise to the level of persecution." [JA–55] The IJ was seemingly of the view that, since petitioner's wife had only been threatened and had not actually been forced to undergo an abortion or sterilization, past persecution could not have been shown. But in this regard, the IJ applied an "inappropriately stringent standard" for what may qualify as past persecution. And this is error. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Moreover, the IJ failed to explain his decision sufficiently, which is also error. *See Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003). Finally, the IJ's suggestion— that petitioner (being old enough now to be married) could avoid future sterilization threats and hence persecution—is not sufficient to satisfy *respondent's* burden to show changed circumstances.[2]

---

1. In *Schwapp*, we based our finding that appellant had abandoned some claims on Fed. R.App. Pro. 28(a)(6), which requires that appellant's brief "contain the contentions of the appellant on the issues presented, and the reasons therefor." Fed. R.App. P. 28(b) imposes the same requirements on appellee's brief with several exceptions not relevant here. *See* Fed. R.App. Pro. 28(b) ("The appellee's brief must conform to the requirements of Rule 28(a)(1)-(9) and (11).").

2. Respondent contends, before us, that petitioner is ineligible for asylum because it is not clear that he is actually married to his threatened partner. But because the IJ treated

Accordingly, the petition for review is GRANTED, and we VACATE and RE-MAND the BIA's decision for further proceedings consistent with this order.

petitioner as married and the government has not appealed that conclusion, the argument is meritless. Whether unmarried partners of women subjected to persecution are eligible for asylum is an unsettled question in this circuit, *see Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir.2005), but, for the foregoing reason, it is one we need not address in this case.